UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UMAR MUHAMMAD,<br><br>Petitioner,<br><br>vs.<br><br>BRYAN MORRISON,<br><br>Respondent. | 2:21-CV-12238-TGB-EAS<br><br>**OPINION AND ORDER SUMMARILY DISMISSING THE HABEAS PETITION, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*** |

Petitioner Umar Muhammad, a state prisoner in the custody of the Michigan Department of Corrections, recently filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. On receipt of the petition, the Court reviewed Petitioner's litigation history in federal court and noticed that his petition duplicates a habeas petition recently dismissed before Judge Gershwin A. Drain in this District. Case No. 21-11763, ECF No. 4. The Court, therefore, will dismiss this case without prejudice.

## I. Background

Petitioner alleges that in 1989, he was convicted of bank robbery, assault with intent to do great bodily harm less than murder, and two

counts of felony firearm in St. Clair County Circuit Court, Port Huron, Michigan. ECF No.1, PageID.1. Petitioner further alleges that the trial court sentenced him to life imprisonment for the bank robbery, 50 to 90 years in prison for the assault, and two years for the felony firearm convictions. *Id.*

Petitioner signed and dated his habeas corpus petition on September 13, 2021. *See id.* at PageID.14. His sole ground for relief is that the mail he sent regarding his criminal convictions to his attorney and the courts was stolen, lost, misplaced, or destroyed. *Id.* at PageID.5, 16.

Petitioner asserts that problems with his outgoing mail affected his ability to appeal his criminal convictions, his civil actions, and the parole board's decisions. *Id.* at PageID.25. He seeks an evidentiary hearing and to be discharged from prison. *Id.* at PageID.14.

## II. Discussion

As noted above, a review of Petitioner's litigation history in federal court reveals that his pleading in this case is duplicative of a habeas petition that Petitioner filed earlier this year. "As between federal district courts, . . . though no precise rule has evolved, the general

2

principle is to avoid duplicative litigation." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Thus, "[t]he filing of multiple federal actions arising out of the same facts is strongly discouraged[.]" *Twaddle v. Diem*, 200 F. App'x 435, 439 (6th Cir. 2006).

When faced with a duplicative suit, a federal court may exercise its discretion to dismiss the suit before it. *Id*. at 438. "[S]imple dismissal of the second suit is [a] common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138–39 (2d Cir. 2000) (quoted with approval in *Twaddle,* 200 Fed. App'x at 438). And "[i]t would be inappropriate for this Court to issue any order which could affect or interfere with another judge's handling of a case on his or her docket." *Al-Ansi v. Obama*, 647 F. Supp. 2d 1, 13 (D. D.C. 2009).

Petitioner is raising the same argument here that he raised in his earlier lawsuit, and he has named the same individual as the respondent. *Cf.* this case with *Muhammad v. Morrison*, No. 2:21-cv-11763 (E.D. Mich. July 23, 2021). He also has submitted similar exhibits in both cases. The

3

main difference in the two cases is that the petition in this case was signed on September 13, 2021, and the petition in the earlier case was signed on July 22, 2021. Petitioner has no right to maintain duplicate lawsuits. Accordingly, the Court summarily dismisses this case without prejudice.

The remaining question is whether Petitioner is entitled to a certificate of appealability. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Reasonable jurists could not disagree with the Court's dismissal of Petitioner's habeas petition, and because his sole ground for relief has been denied by Judge Drain in Civil Case No. 21-11763, his case does not deserve encouragement to proceed further. Accordingly, the Court declines to grant a certificate of appealability. The Court also declines to

grant leave to appeal *in forma pauperis*, because an appeal from this decision would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

### III. Conclusion

Accordingly, for the reasons articulated above, Petitioner's Writ of Habeas Corpus is **DENIED**.

**SO ORDERED.**

Dated: November 4, 2021         s/Terrence G. Berg
                                TERRENCE G. BERG
                                UNITED STATES DISTRICT JUDGE